Charles W. Cullen, trustee of the estate of The Delmar Lumber Manufacturing Company, a corporation created by and existing under the laws of the State of Delaware, vs. Mary A. Veasey.

1. Estoppel—Claim in Judicial Proceeding—Insolvency.

Where the answer of a president of a corporation to a bill in equity for the appointment of a receiver admitted the insolvency of his company as of a certain date, in an action by the corporation's trustee in bankruptcy against the president's wife to recover the price of lumber alleged by her to have been paid for by her husband's releasing to the corporation a portion of its debt to him in consideration of her payment of the price of the lumber to him, such husband, the president, could not be heard to deny his knowledge of the receivership proceedings under which the company upon bill and answer was found to be insolvent and himself appointed a receiver.

2. Husband and Wife—Agency of Husband—Notice to Wife.

Where the president of a lumber company acted as his wife's agent in transferring lumber and building materials to her in consideration of a credit to be given the company in part payment of its alleged indebtedness to him, his wife paying him for the lumber, and had reasonable ground to believe that the company was insolvent and that the action would result in a preference to himself, his wife, as his principal, was chargeable with his knowledge in the transaction of the business he had in charge.

3. Bankruptcy—Preference—Voidability.

Where the president of an insolvent lumber company within four months preceding the filing of a petition in bankruptcy effected a preference to himself by transferring the company's lumber to his wife in consideration of credit given the company by him in part payment of its indebtedness to him, his wife paying him for the lumber, such preference was voidable by the trustee in bankruptcy, who could recover the value of the lumber from the wife.

(*January* 26, 1915.)

Judges Boyce and Rice sitting.

*Albert Worth* of Georgetown, and *Andrew E. Sanborn* and *John W. Huxley, Jr.,* of Wilmington, for plaintiff.

*Robert C. White* and *James M. Tunnell* for defendant.

Superior Court, Sussex County, adjourned October Term, 1914.

Action of Assumpsit (No. 14, April Term, 1913) on the common counts for goods sold and delivered with bill of particulars annexed.

Action by Charles W. Cullen, trustee in bankruptcy of the

Delmar Lumber Manufacturing Company, against Mary A. Veasey.   Verdict for plaintiff.

See, also, 4 *Boyce* 537, 89 *Atl.* 741.

The defendant relied upon her special pleas of payment, in which she says, in substance, that after the making of the several promises and undertakings in the declaration mentioned, and before the Delmar Lumber Manufacturing Company was adjudged a bankrupt, and before the commencement of this suit, to wit, on the twenty-second day of June, A. D. 1912, at, etc., she paid to the Delmar Lumber Manufacturing Company, five hundred and one dollars and seventy cents, in full payment, etc., of the several promises, etc., in the declaration mentioned, and which said sum of money, it the Delmar Lumber Manufacturing Company then and there accepted in full payment, etc. And further that after the making of the several promises, etc., and before the Delmar Lumber Manufacturing Company was adjudged a bankrupt, and before the commencement of this suit, etc., the Delmar Lumber Manufacturing Company was justly indebted to Theodore A. Veasey, her husband, in a large sum of money loaned and advanced by him to the Delmar Lumber Manufacturing Company, to wit, seventeen hundred dollars, and being so indebted on the said twenty-second day of June, A. D. 1912, it was agreed by and between her husband and the Delmar Lumber Manufacturing Company that the sum of five hundred and one dollars and seventy cents, part of the said sum then due and owing from the Delmar Lumber Manufacturing Company to her husband, should be applied to the satisfaction and discharge of her indebtedness to the Delmar Lumber Manufacturing Company in full satisfaction and discharge of the several promises, etc., in plaintiff's declaration mentioned, which application of five hundred and one dollars and seventy cents was then and there made and accepted, etc., by the Delmar Lumber Manufacturing Company in full satisfaction, etc., and her husband did then and there release and discharge the Delmar Lumber Manufacturing Company from the payment of the said five hundred and one dollars and seventy cents upon its indebtedness to him.

The plaintiff replied that the husband of the defendant was on the twenty-second day of June, A. D. 1912, the president of the Delmar Lumber Manufacturing Company; that on the twentieth day of said month one of the officers of said company filed a bill in chancery, this state, alleging that the company was at that time insolvent to which bill answer was filed by the company admitting all the allegations therein, under the oath of its president, the husband of the defendant, to the truth of the matters contained in the answer, and that the execution and filing of the answer was done in pursuance and direction of the authority of a resolution of the board of directors of the company, passed, etc.; that upon the bill and answer the Chancellor did on, etc., decree the company to be insolvent, and appointed the husband of the defendant and another, receivers of said company, that on the eleventh day of July, A. D. 1912, an involuntary petition in bankruptcy was filed in the United States Court for, etc., by, etc., upon which petition the said company was adjudged a bankrupt; that the defendant with the connivance of her husband, wrongfully, etc., with the purpose, etc., of defrauding the creditors of said company and of creating in the husband of the defendant an illegal preference within four months before the filing of said petition, transferred the indebtedness of the defendant to said company to her husband, an alleged creditor of the company, and that the husband of the defendant thereupon wrongfully, etc., credited the defendant with the payment of her indebtedness to the company, and set off the debt of the defendant to the company, to the amount pleaded by her, against the indebtedness of the company to her husband as set forth in her plea, thereby creating in her husband an illegal preference in violation of *Section* 68, Act of Congress, entitled, etc.

The defendant demurred to this replication which was overruled. See 4 *Boyce*, 537, 89 *Atl.* 741. Issue was joined, and the case came on for trial.

It was shown that the lumber and building materials bought by the defendant from the Delmar Lumber Manufacturing Company were bought on June twentieth, twenty-first and twenty-second, the husband acting as agent for his wife in the transac-

tion. Proof of payment corresponded to the allegations set up in the special plea of payment. The defendant testified that her husband was owing her, at the time of the transaction, about fifteen hundred dollars; and that he was her agent in the purchase of the lumber which she was to receive in part payment of his indebtedness to her. There was likewise proof of the insolvency proceedings in chancery, this state, and of the bankrupt proceedings alleged in the replication to the plea of payment; and the manner of the alleged payment by the defendant was not controverted.

At the close of the testimony, upon application of the plaintiff, the court gave binding instructions to the jury to return a verdict for the plaintiff in the following opinion:

BOYCE, J.: [1] There is no conflict in the testimony respecting the vital facts of this case. It is conceded that Theodore A. Veasey was the agent of Mary A. Veasey, the defendant, his wife, for the purchase of the lumber and building materials, the subject of this action, from the Delmar Lumber Manufacturing Company of which he was its president at the time of the transaction. Mr. Veasey knew at the time he made the purchase for his wife that his company was insolvent as is shown by his answer to a bill in equity for the appointment of a receiver. He cannot now be heard to deny his knowledge of these proceedings under which the Chancellor upon bill and answer found the said company to be insolvent, and appointed Mr. Veasey one of the receivers. A petition in bankruptcy against the said company was filed within four months from the purchase of the lumber by Mr. Veasey for his wife and the company was subsequently adjudged a bankrupt.

[2] Mr. Veasey's knowledge of the insolvency of his company must be regarded as the knowledge of his principal, the defendant in this action, according to well settled principles, that a principal is chargeable with the knowledge the agent possesses in the transaction of the business he has in charge. As Mr. Veasey, the agent of his wife and the president of his company, was aware of the insolvent condition of the company, it

must be charged that he had reasonable ground to believe that in transferring the lumber and building materials from the insolvent company to his wife in consideration of the credit which was to be given to the company in part payment of the alleged indebtedness due to him from the company that he was preferring himself to other creditors of the company.

[3] It is conceded that in the arrangement between Mr. Veasey and his wife for the payment of the lumber, the wife was to credit certain evidences of indebtedness due her from her husband. The transaction was therefore voidable, and the trustee in bankruptcy may recover the value of the lumber from the defendant, she being the person under the bankrupt act, deemed to be benefited by the transaction.

In reaching this conclusion, we impute no intention of bad faith on the part of Mr. Veasey, but his act was a preference to himself and a benefit to his principal within contemplation of the bankrupt act and is therefore invalid.

We are constrained for the reasons assigned to instruct the jury to return a verdict for the plaintiff for the full amount of his claim, being the sum of five hundred and one dollars and seventy cents, with interest from July 21, 1912; and, gentlemen of the jury, you are so instructed.

Verdict for plaintiff.